IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JILL J. SHORT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-cv-3009 |
| ) | |
| **CAROLYN W. COLVIN,** Acting ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Plaintiff Jill Short has appealed from the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income.  See 42 U.S.C. §§ 416(i), 423, 1381a, 1382c.

Short applied for disability benefits in 2009 and 2010.  She initially alleged that she became disabled in 2005, but she later amended her alleged disability onset date to December 31, 2007.

The Administrative Law Judge held an evidentiary hearing in May 2012 and issued an opinion in July 2012 denying Short's application for benefits.

Following the standard five-step process, the ALJ found: (1) that Short ceased engaging in substantial gainful activity on March 31, 2008; (2) that Short suffered from a variety of severe impairments, including fibromyalgia and depression; (3) that Short's impairments or combination of impairments were not equal to any of the applicable impairments listed in the Code of Federal Regulations; and (4) that Short had the residual functioning capacity to perform her prior relevant work.  Because the ALJ found Short able to perform her prior relevant work, the ALJ did not proceed to step 5 (at which, if the ALJ has found the claimant <u>unable</u> to return to her prior work, the ALJ determines whether the claimant is disabled in light of her residual functioning capacity and other factors).

In finding that Short was able to perform her prior relevant work, the ALJ discounted Short's own testimony given its inconsistency with her medical records, her doctors' testimony, and her earlier reporting.  The ALJ also discounted Short's husband's

report and the opinions of Dr. Dolores Trello and Dr. Richard Del Valle, finding them inconsistent with the rest of the medical evidence.

Short appealed the ALJ's decision, and on July 19, 2016, United States Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation (d/e 28).  Judge Schanzle-Haskins found that the Administrative Law Judge's finding—that Short was not disabled—was supported by substantial evidence.

Specifically, Judge Schanzle-Haskins found that the ALJ built the required accurate and logical bridge between the evidence and the ALJ's result.  Judge Schanzle-Haskins found that the ALJ properly relied on the evidence in the record in determining that Short's residual functioning capacity allowed her to return to her prior work, and that the ALJ properly discounted Short's husband's report and Dr. Trello's and Dr. Del Valle's opinions as inconsistent with and unsupported by the rest of the evidence.

Short argued that the ALJ erred in assessing Short's credibility, but Judge Schanzle-Haskins disagreed, noting that, even though the recently enacted Social Security Ruling 16-3p was not in effect when the ALJ ruled, "the ALJ followed the methodology

established under the new ruling" by evaluating Short's statements regarding her symptoms and comparing those statements to the other evidence in the record (d/e 28 at 43). In particular, Judge Schanzle-Haskins noted that Short's testimony about the severity of her condition "directly contradicted her own Function Report" (id. at 44). Although 18 months had passed between the Function Report and Short's testimony at the hearing, Judge Schanzle-Haskins noted that the medical records "did not show a significant worsening of her condition over this time period" and that Short had testified twice at the hearing that her functional limitations had not changed for more than two years (id. at 44-45). Judge Schanzle-Haskins concluded that the ALJ "could properly conclude that the contradictions between the Function Report and Short's testimony did not reflect changes in Short's condition, but rather, were inconsistencies to be weighed in evaluating her limitations" (id. at 45). Judge Schanzle-Haskins recommended that the Court deny Short's motion for summary judgment (d/e 20), grant the Defendant's motion for summary affirmance (d/e 24), and affirm the Commissioner's decision.

Objections to the Report and Recommendation were due on August 5, 2016. Neither party filed objections.

The Federal Rules of Civil Procedure allow the Court to "accept, reject, or modify [a magistrate judge's] recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Having reviewed the record, the parties' motions and memoranda, and the Report and Recommendation, the Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1)   The Report and Recommendation (d/e 28) is ADOPTED.**

**(2)   Short's motion for summary judgment (d/e 20) is DENIED.**

(3)   The Defendant's motion for summary affirmance (d/e 24) is ALLOWED.

(4)   The Decision of the Commissioner is AFFIRMED.

**THIS CASE IS CLOSED.**

ENTER: August 23, 2016

FOR THE COURT:

                                      s/Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE